

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*Samantha C. Fasanello*  *970 Broad Street, 7th floor*   *Direct dial: 973-297-4388*
*Assistant United States Attorney*   *Newark, New Jersey 07102*

July 6, 2021

***Via Email***
James R. Froccaro, Jr., Esq.
20 Vanderventer Avenue, Suite 103W
Port Washington, New York 11050

      Re:   <u>Plea Agreement with Keith Richter</u>
            Criminal No. 21-585

Dear Mr. Froccaro:

     This letter sets forth the plea agreement between your client, Keith Richter ("RICHTER" or the "Defendant"), and the United States Attorney for the District of New Jersey ("this Office"). The Government's offer to enter into this plea agreement will expire on July 23, 2021, if it is not accepted in writing by that date.

Charge

     Conditioned on the understandings specified below, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, this Office will accept a guilty plea from RICHTER to a one-count Information, which charges RICHTER with possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). If RICHTER enters a guilty plea and is sentenced on this charge to a term of imprisonment of 33 months, followed by a three-year term of supervised release (the "Stipulated Sentence"), and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against RICHTER for his unlawful possession of a firearm on or about February 21, 2021. However, the parties agree that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 et seq. And, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, RICHTER agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by RICHTER may be commenced against him, notwithstanding the expiration of the limitations period after RICHTER signs the agreement.

Should the Court, pursuant to Rule 11(c)(5), at any time reject this plea agreement under Rule 11(c)(1)(C) by either not accepting the Stipulated Sentence or not accepting the plea of guilty, either party may elect to withdraw from this plea agreement and the parties will be returned to the status prior to the entry of the guilty plea. In the event that the Court, pursuant to Rule 11(c)(3)(A), defers a decision to accept the plea agreement until the Court has reviewed the presentence report, neither party will move to withdraw from this plea agreement unless or until the Court ultimately determines to reject the proposed plea agreement.

Sentencing

The violation of 18 U.S.C. § 922(g)(1) to which RICHTER agrees to plead guilty in Count One of the Information carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of: (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

Further, in addition to imposing any other penalty on RICHTER, the sentencing judge: (1) will order RICHTER to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order RICHTER to pay restitution pursuant to 18 U.S.C. § 3663 et seq.; (3) must order forfeiture pursuant to 18 U.S.C. § 924; and (4) pursuant to 18 U.S.C. § 3583, may require RICHTER to serve a term of supervised release of not more than three years, which will begin at the expiration of any term of imprisonment imposed. Should RICHTER be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, RICHTER may be sentenced to not more than two years' imprisonment, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, this Office and RICHTER agree that a sentence of 33 months' imprisonment and a term of supervised release of three years is the appropriate disposition of the case. Accordingly, pursuant to Rule 11(c)(1)(C), if the Court accepts this plea agreement, the Court will be bound to sentence RICHTER to 33 months' imprisonment and a three-year term of supervised release. If, however, the sentencing judge rejects this plea agreement and the Stipulated Sentence, RICHTER has the opportunity, pursuant to Rule 11(c)(5)(B), to withdraw his plea of guilty, and the government also reserves the right to withdraw from the plea agreement.

Forfeiture

As part of his acceptance of responsibility, RICHTER agrees to forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461, any firearms and ammunition involved in the commission of the offense charged in Count One of the Information. Such property includes, but is not limited to, one Ruger P345 .45 caliber handgun, bearing serial number 664-28083, and one round of .45 caliber ammunition (collectively, the "Forfeitable Property").

RICHTER agrees to waive all interest in the Forfeitable Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. RICHTER agrees to consent to the entry of orders of forfeiture for the Forfeitable Property and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. RICHTER understands that the forfeiture of the Forfeitable Property is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. Furthermore, RICHTER waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

RICHTER further consents to the administrative and/or civil judicial forfeiture of the Forfeitable Property pursuant to 18 U.S.C. § 981 and/or 982. RICHTER agrees that he will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Forfeitable Property and will not cause or assist anyone else in doing so. To the extent RICHTER has filed a claim or petition in any administrative or civil judicial forfeiture proceeding involving the Forfeitable Property, such claims or petitions are hereby deemed withdrawn. RICHTER further agrees to take all necessary steps to pass clear title to the Forfeitable Property to the United States, including, but not limited to, the surrender of such property to the United States Marshals Service and the execution of all necessary documentation.

RICHTER consents and agrees to forfeit and abandon to federal, state, and/or local law enforcement all right, title, and interest in the Forfeitable Property and waives: (1) all challenges of any kind to the forfeiture and abandonment of the Forfeitable Property by federal, state, and/or local law enforcement; and (2) any additional notice requirement in connection with the forfeiture and abandonment of this property. RICHTER also consents to the destruction of the Forfeitable Property at the discretion of federal, state, and/or local law enforcement.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on RICHTER by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of RICHTER's activities and relevant conduct with respect to this investigation.

Stipulations

This Office and RICHTER agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby are made a part of this plea agreement. The stipulations in Schedule A are offered as recommendations to the Court pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or RICHTER from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

This Office and RICHTER agree that, provided the District Court imposes a sentence in accordance with this Rule 11(c)(1)(C) plea agreement, neither party will appeal that sentence. RICHTER further agrees that, in exchange for the concessions the United States made in entering into this Rule 11(c)(1)(C) plea agreement, he will not challenge his conviction for any reason by any means, other than ineffective assistance of counsel, and he will not challenge or seek to modify any component of his sentence for any reason by any means, other than ineffective assistance of counsel. The term "any means" includes, but is not limited to, a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C.

§ 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), or any other motion, however captioned, that seeks to attack or modify any component of the judgement of conviction or sentence. Lastly, the parties have stipulated to certain facts in the Schedule A to this plea agreement. Accordingly, the parties agree that they will not challenge at any time, using any means, the District Court's acceptance of those stipulated facts.

Immigration Consequences

RICHTER understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. RICHTER understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. RICHTER wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. RICHTER understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, RICHTER waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so. This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against him. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude him from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that RICHTER received constitutionally ineffective assistance of counsel.

Very truly yours,

RACHAEL A. HONIG
Acting United States Attorney

By: Samantha C. Fasanello
Assistant U.S. Attorney

APPROVED:

Desiree L. Grace
Deputy Chief, Criminal Division

I have received this letter from my attorney, James R. Froccaro, Jr., Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences, as well as the impact that Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure has upon the agreement. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____     Date: 7/13/21
Keith Richter

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences, as well as the impact that Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure has upon this agreement. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____     Date: 7/13/21
James R. Froccaro, Jr., Esq.
Counsel for Defendant

Plea Agreement with Keith Richter

Schedule A

This Office and RICHTER agree to stipulate to the following facts:

      a. On or about February 21, 2021, RICHTER knowingly possessed a Ruger P345 .45 caliber handgun, bearing serial number 664-28083 (the "Firearm"), which was loaded with at least one round of .45 caliber ammunition (the "Ammunition").

      b. On or about February 21, 2021, RICHTER possessed the Firearm and the Ammunition knowing that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, and thus he knew he was prohibited from possessing the Firearm and Ammunition.